1

2

3

4              UNITED STATES DISTRICT COURT

5             NORTHERN DISTRICT OF CALIFORNIA

6

7    ROYAL ALLIANCE ASSOCIATES, INC.,        Case No.  15-cv-03706-JST

         Plaintiff,
8
                                             **ORDER GRANTING AMENDED**
9        v.                                  **MOTION FOR ATTORNEYS' FEES**

10   HENRY T. MORA, et al.,                   Re: ECF No. 41

         Defendants.
11

12          Before the Court is Respondents' Motion for Attorneys' Fees, ECF No. 41, filed pursuant

13   to this Court's order granting them post-arbitration attorneys' fees in connection with their

14   defeating Petitioner's motion to vacate the arbitration award, ECF No. 38.  Petitioner has opposed

15   the motion for attorneys' fees.  ECF No. 42.  The Court will grant Respondents' motion.

16   **I.      BACKGROUND**

17          This case concerns two joined disputes between Royal Alliance, a brokerage firm, and its

18   former clients Michele R. Lewis ("Lewis"), Henry T. Mora ("Mora"), and Lionel Gonzalez

19   ("Gonzalez" collectively with Lewis and Mora "Respondents"), for breach of fiduciary duty and

20   negligent supervision.  Pursuant to Royal Alliance's customer agreements, the disputes were

21   required to be submitted to arbitration before a FINRA (The Financial Industry Regulatory

22   Authority) panel.  ECF No. 25 at 6.  In their claims, Respondents, *inter alia*, alleged:  (1) Royal

23   Alliance's registered representatives recommended unsuitable securities investments for

24   Respondents, and (2) Royal Alliance breached its contracts with Respondents by failing to

25   properly supervise its representatives.  Id. at ¶ 6, 8.  Respondents sought attorneys' fees in both

26   claims.  Id.  On September 5, 2014, Respondents filed a motion before the Mora/Gonzalez panel,

27   requesting to join the Lewis Arbitration to the Mora/Gonzalez Arbitration.  ECF No. 1 at ¶ 11.

28   Royal Alliance opposed the motion.  Id. at ¶ 12.  On October 21, 2014, the Mora/Gonzalez panel

United States District Court
Northern District of California

1    granted Respondents' motion, and consolidated both arbitrations before the <u>Mora/Gonzalez</u> panel.

2    <u>Id.</u> at ¶ 14.

3         On July 15, 2015, the <u>Mora/Gonzalez</u> panel awarded Respondents compensatory damages

4    of $1,085,456, punitive damages of $75,000, attorneys' fees of $184,000, and costs of $57,231.05.

5    <u>Id.</u> at ¶ 26.

6         Royal Alliance filed a petition to vacate the arbitration decision in this Court on August 13,

7    2015.  ECF No. 1. They argued that the consolidation of both arbitrations was improper because

8    the cases should have been consolidated before the lower-numbered <u>Lewis</u> panel rather than

9    before the higher-numbered <u>Mora/Gonzalez</u> panel. <u>Id.</u> at ¶¶ 28-29.  They also challenged the

10   award of attorneys' fees.

11        On March 10, 2016, this Court denied Royal Alliance's petition to vacate the arbitration

12   award and granted Respondents' cross-motion to confirm the arbitration award as well as its

13   motion for post-arbitration attorneys' fees.  ECF No. 38.  As ordered, Respondents filed their

14   motion for attorneys' fees on March 24, 2016.  An amended motion was later filed, as approved

15   by the Court, on April 7, 2016.  ECF No. 41.  Although there is some dispute over the exact

16   sequence of events leading to this, Respondents assert that subsequent to the filing of their motion,

17   Royal Alliance sought to meet and confer over Royal Alliance's objections to the motion.  <u>Id.</u> at 2.

18   The parties met and conferred, and "as an attempt to resolve the disputes in good faith,"

19   Respondents submitted their amended motion with a reduced request for attorneys' fees.  <u>Id.</u>

20        Royal Alliance nevertheless opposed the amended motion.  ECF No. 45.  They assert that

21   the requested attorneys' fees should be cut in half, and contend that they are further entitled to

22   their own attorneys' fees for successfully opposing this motion.  <u>Id.</u>

23   **II.    DISCUSSION**

24        "Federal courts in diversity cases apply state law with regard to the granting or denying of

25   attorneys' fee recovery."  <u>Good Earth Corp. v. M.D. Horton & Associates</u>, No. C-94-3455-CAL,

26   1997 WL 702297, at *2 (N.D. Cal. Aug. 4, 1997) (citing to <u>Kabatoff v. Safeco Ins. Co. of</u>

27   <u>America</u>, 627 F.2d 207, 209-10 (9th Cir. 1980)).  "California affords its trial courts broad

28   discretion to consider a wide number of factors in determining the reasonableness of attorneys'

United States District Court
Northern District of California

2

fees." Id. at *3 (citation omitted).  "For example, the court may consider the nature and difficulty of the litigation, the skill required and the skill employed in handling the litigation, the success of the attorney's efforts, the attorney's experience in the particular type of litigation, and the amount of time required."  Id.

Here, Respondents have requested $94,301.75 for litigating the cross-petitions on the arbitration award (reduced from the original request of $98,672.50).  They also request attorneys' fees for litigating this motion, bringing their total request to $102,857.75.  ECF No. 47 at 6.

Royal Alliance requests that this amount be cut in half, offering two reasons why the requested amount is unreasonable.  Neither is persuasive.  First, Royal Alliance argues that the amount of time that Respondents' counsel billed for working on their Motion for Attorneys' Fees, Cross-Petition and Opposition to the Petition to Vacate, and their Reply in Support of their Cross-Petition is excessive.  ECF No. 45 at 6-8.  They compare this case to two cases, ValueSelling Associates, LLC v. Temple, No. 09-CV-1493-JM AJB, 2011 WL 5025157, at *3 (S.D. Cal. Oct. 21, 2011) and Latinamerican Theatrical Grp., LLC v. Swen Int'l Holding, No. 2:13-CV-01270-CAS, 2013 WL 5563749, at *2 (C.D. Cal. Oct. 7, 2013), [1] and contend that because both of these cases also dealt with petitions to vacate arbitration awards but involved far lower awards of attorneys' fees to the prevailing parties, Respondents' request for fees here is comparatively too large.  ECF No. 4-6.

Royal Alliance's argument appears to be, in other words, that because two courts in other districts awarded a certain amount in attorneys' fees for post-arbitration litigation, no other court should award more than those amounts.  The argument collapses under its own weight.  Further, Respondents astutely point out that Royal Alliance has, in the same brief in which it argues that Respondents' request for $94,301.75 is excessive, also requested the sum of $20,775 solely for ostensibly defeating Respondents' original motion for attorneys' fees.[2]  ECF No. 45 at 13.  Royal

---

[1] Both Royal Alliance and Respondents have filed requests for judicial notice asking that the Court take judicial notice of filings in other cases that also involve attorneys' fees.  ECF Nos. 46, 48.  Because these documents are available on public record, both requests for judicial notice are granted.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).
[2] Royal Alliance's reasoning for this request is that it "prevailed" on the original motion for attorneys' fees because Respondents filed an amended motion for a reduced amount.  ECF No. 45

1    Alliance cannot persuasively argue that Respondents' requested fees for the entirety of this

2    litigation is unreasonable while simultaneously requesting approximately a fifth of that amount

3    merely for opposing Respondents' fee requests.

4        Second, Royal Alliance argues that Respondents have unreasonably billed for clerical and

5    administrative tasks, such as intra-office conferences, creating a table of contents and table of

6    authorities, final review of briefs, and verifying case citations.  ECF No. 45 at 12.  Royal Alliance

7    argues that because these tasks are clerical or administrative, Respondents may not recover fees

8    for them.  Id.

9        This contention also is unpersuasive.  Verifying the accuracy of legal citations is not

10   "clerical work" and is, in fact, often best done by lawyers.  The same may be said for conducting a

11   final review of a brief before submitting it for a court's consideration on behalf of one's client.

12   These tasks could not have been completed by a non-attorney administrative assistant.  See Davis

13   v. City & Cty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on

14   other grounds, 984 F.2d 345 (9th Cir. 1993) (describing "clerical or secretarial tasks" as "tasks

15   that a non-attorney employed by her could perform at a much lower cost").  As for intra-office

16   conferences, Respondents note in their Reply that they were billed only in relation to one

17   attorney's time spent at the conferences, and that they were conducted because another partner at

18   Respondents' counsel's firm had completed additional research into the arbitration issues.  ECF

19   No. 47 at 11.  Respondents further note that no other fees were billed for this additional research.

20   Id.  Royal Alliance declares this explanation to be "self-serving" but beyond this, fails to articulate

21   why it should not be accepted.  ECF No. 45 at 12.

22       Accordingly, the Court concludes that Respondents' requests for attorneys' fees is

23   reasonable.

24                                  **CONCLUSION**

25       Respondents' motion for attorneys' fees is granted.  Respondents shall be awarded

26   attorneys' fees in the amount of $102,857.75.

27

28   at 13.  This argument is implausible.  Royal Alliance's request for attorneys' fees is denied.

United States District Court
Northern District of California

1    Respondents are ordered to serve a proposed form of judgment on Petitioner within five

2    court days of the date of this order's issuance.  Petitioner shall either sign the proposed judgment,

3    indicating their agreement only as to form, or provide written objections to the form of judgment,

4    within five court days.  Within five court days thereafter, Respondents must file either an

5    approved form of judgment, or a proposed form of judgment, a copy of Petitioner's objections,

6    and a written response.  The objections and response may be no longer than three pages each.

7        IT IS SO ORDERED.

8    Dated:  June 16, 2016

9    

10   _____
     JON S. TIGAR
     United States District Judge

United States District Court
Northern District of California